# IN THE SUPERIOR COURT
## OF GUAM

THE PEOPLE OF GUAM,                    )          Criminal Case No.: CF0207-12
                                       )
                                       )
          v.                           )
                                       )          **DECISION AND ORDER**
                                       )          Re: Motion to Dismiss or
DANNY THOMAS CRUZ,                     )          Bill of Particulars
                                       )
                                       )
                    Defendant.         )
_____)

## INTRODUCTION

This matter came before the Honorable Judge Michael J. Bordallo on May 31, 2012. The People were represented by Assistant Attorney General Elizabeth Vasiliades. The Defendant was represented by Alternate Public Defender John Patrick Morrison. After considering the matter presented, the Court issues the following decision and order denying the Defendant's motion to dismiss.

## BACKGROUND

On April 6, 2012, the Defendant was indicted for First Degree Criminal Sexual Conduct (three counts), Second Degree Criminal Sexual Conduct, Family Violence, Child Abuse, and Assault. The Defendant argues that the Indictment fails to properly advise him of the charges against him as contained in Counts two and three of the First Charge and the Second Charge. On May 29, 2012, the Defendant filed a Motion to Dismiss, or in the alternative, a Motion for Bill of particulars. Defendant challenges the eight month time period indicated in the indictment for Counts two and three of the First Charge and the Second Charge.

In the alternative, the Defendant requests that the People be required to provide a Bill of Particulars and to specify with particularity the facts in the indictment that are necessary to

allow him to prepare his defense. The People filed their memorandum in opposition to Defendant's Motion on May 25, 2012. The People argue that the indictment was sufficient, gave adequate notice, and it is unnecessary to provide a date certain to support a sufficient indictment in cases of criminal sexual conduct involving a minor victim.

## DISCUSSION

The Defendant challenges the eight month time period indicated in the indictment and the alleged victim's ability to narrow down the date of the occurrence to a specific date. The Defendant focuses on whether the victim's ability to state a specific date of the alleged crimes is legally sufficient to meet the requirement of a valid indictment, and if the length of time indicated in the indictment is sufficient to allow the Defendant to prepare an adequate defense. Thus, the Defendant argues that the indictment should be dismissed, or in the alternative, the People should be required to provide a Bill of Particulars.

In opposition, the People argue that in sexual abuse cases involving minor victims, the prosecution must be given some flexibility to allow an indictment to state with a broad time frame the date which the alleged assault occurred based on the child victim's age and inability to recall dates. The People assert that under Guam law, time is not an element of criminal sexual conduct. The People argue it "[n]eed prove only that the crime occurred on a date reasonable near the one alleged in the indictment, not on the exact date." *United States v. Hinton*, 222 F.3d 664, 672 (9th Cir. 2000).

Further, the Guam Supreme Court has found that "not alleging a specific time in which the crime or crimes occurred does not invalidate an indictment." *People v. Salas*, 2000 Guam 2, ¶16. More specifically, in *People v. Atoigue*, an opinion from the Ninth Circuit interpreting Guam law, the Court found the alleged dates in the indictment, spanning an eight month time

frame to be stated with "sufficient specificity because it placed the alleged illegal activity within an identifiable time frame." *People v. Atoigue*, 36 F.3d 1103 (9th Cir.1994). Additionally, the fact that the victim in *Atoigue* could not "recall the specific dates within the time periods . . . does not require reversal. . . ." *Id.*

The Guam Supreme Court addressed this issue in the case *People v. Campbell*, and also articulated the "reasonably near" standard explained in *Atoigue*, saying "while time is not an element of criminal sexual conduct, a conviction may be attacked if the evidence at trial demonstrates that the date proved was not 'reasonably near' the date alleged in the indictment." *People v. Campbell*, 2006 Guam 14 ¶ 17. The period of the alleged assault in Campbell spanned eight weeks — June 1 to July 31, 2001. *Id.* The Guam Supreme Court determined that the time period alleged in the indictment against the defendant Campbell was specific enough to survive a challenge based upon an argument of the defendant's deprivation of Due Process rights. *Id.*

The court in *Atoigue* explicitly stated "where the statute does not make time a material element of the offense charged . . . the variance between proof at trial and the indictment is irrelevant as long as the defendant was afforded adequate notice of the charge against him. *Atoigue* at *6. The Supreme Court of Guam, in *Campbell*, reiterated that in "Guam's Criminal Sexual Conduct Statute, time is not an element of criminal sexual conduct." *People v. Campbell*, 2006 Guam at ¶ 17 (citing 9 GCA § 25.15 (a)). In the present case, the time period alleged in the indictment is eight months.

In *People v. Camacho*, the District Court of Guam Appellate division determined that testimony from a 17 year old regarding alleged sexual assaults against her that occurred several years before did not violate Due Process. *People v. Camacho*, Criminal. No. 93 00073A; 1994

WL 728129 (D. Guam App. Div. 1994). The court determined that despite the time period, the indictment was sufficient. *Id.* at 3. As in the *Campbell* and *Camacho* cases, the Court finds the time period in the indictment and the age of the victim in the present case are reasonable and sufficient to provide notice to the defendant and to allow the defense to prepare adequately.

In the alternative, the Defendant argues for Bill of Particulars. The statute governing a Bill of Particulars is 8 GCA § 55.30 which reads:

> Whether or not an indictment or information complies with Sec. 55.10 if it fails to specify the particulars of the offense sufficiently to enable the defendant to prepare his defense, the court may, on motion of the defendant, require the prosecuting attorney to furnish the defendant with a clarification of the pleading containing such particulars as may be necessary for the preparation of the defense.

8 GCA § 55.30. The purpose of a Bill of Particulars is the same as the purpose of an indictment: 1) to reduce surprise; 2) to enable adequate preparation; and 3) to protect the defendant against double jeopardy. *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983). Generally, a defendant is not entitled to a Bill of Particulars setting forth the exact date of the commission of the offense. *U.S. v. Noetzel*, 124 F.R.D. 518, 519 (D.C. Mass 1989).

For cases involving the alleged abuse of minors, a greater degree of flexibility is required because minors are often unable to recall the exact date that a crime occurred. *See Commonwealth v. Grof*, 548 A.2d 1237 (Pa. Super. 1988); *Edward Cheeseman Roberts v. United States*, 743 A.2d 212 (D.C. App. 1999); *State of New Hampshire v. Lakin*, 517 A.2d 846 (N.H.1986); *People v. Guerrero*, 356 Ill.App.3d 22, (Ill.App. 2005); and *People v. Jones*, 792 P.2d 643, 653 (Cal.Sup.Ct.1990).

In *Jones*, a child molestation case, the Supreme Court of California was "presented with difficult questions regarding the extent to which the defendant's due process rights are implicated by the inability of his young accuser to give specific details regarding the time,

place and circumstances of various alleged assaults." *Id.* at 644. The California Supreme Court held that "[a] defendant has no right to notice of an exact date concerning an alleged crime so long as it was within an applicable limitation period." *Id.* at 656. "So long as the evidence presented at the preliminary hearing supports the number of offenses charged against the defendant and covers the time frame[s] charged in the information, a defendant has all the notice the Constitution requires." *Id.* at 653.

A Bill of Particulars is intended to give the defendant the minimum amount of information necessary to allow him to conduct a defense. *United States v. Mariani*, 90 F. 2d 574, 590 91 (M.D. Pa. 2000). "So long as the evidence presented at the preliminary hearing supports the number of offenses charged against the defendant and covers the time frame[s] charged in the information, a defendant has all the notice the Constitution requires." *Jones*, 51 Cal.3d at 653. A defendant's right to notice of the charges and right to defend under the Due Process Clause of the Constitution are not affected by a lack of specificity as to the time of the incident because "the prosecution clearly has no duty to provide more explicit notice than human nature and science permit," and "the defendant has the option of taking the witness stand and directly denying any wrongdoing. If credible, his testimony should prevail over the unspecific assertions of his young accuser." *Id.* at 656 657. Additionally, the child's failure to determine an exact date might provide the defendant with additional defenses: "in some cases, the very nonspecificity of the child's testimony, especially if uncorroborated, may offer defense counsel fertile field for challenging the child's credibility." *Id.* at 657.

In addition, the Ninth Circuit Court of Appeals has found that the need for a bill of particulars is eliminated by the court ordering full discovery. *United States v. Clay*, 476 F.2d 1211, 1215 (9th Cir. 1973). In the *Clay* case, where the government turned over voluminous

discovery, the court held that the defendant was not entitled to a bill of particulars. *Id.* at 36. Guam has codified this maxim, stating that Grand Jury transcripts may be used to clarify certain aspects of the charges against the defendant if such clarification is needed. *See* Note to 8 GCA §55.30 (The transcript of the grand jury proceedings or of the preliminary examination normally provides the defendant with all the information he needs in felony cases).

The Court finds that a Bill of Particulars is unwarranted, and the Indictment, Grand Jury transcripts, and discovery provide sufficient notice and information for the Defendant to prepare his defense. Although the indictment fails to provide an exact time and date for the charges, time is not an essential element of the crime charged in this particular case. The Court concludes that the facts contained in the Grand Jury Transcripts and discovery adequately advise the Defendant and the charges in the indictment clearly and succinctly place the date of the crime within a sufficient time period.

### CONCLUSION

Based on the foregoing, Court DENIES the Defendant's Motion to Dismiss and request for a Bill of Particulars. A Trial Setting shall be held on *Aug 15, 2012 @ 9:00am*

SO ORDERED, this 9th day of August 2012.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

I do hereby certify that the forego... is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam Dated at Hagåtña, Guam

AUG - 9 2012

James R. Borja
Deputy Clerk, Superior Court of Guam